**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JUDEAU S. BROWN, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-370-CFC |
| OFFICER ANYANASO, et al., | : |
| Defendants. | : |

Judeau S. Brown, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December 21, 2020
Wilmington, Delaware

*[signature]*
**CONNOLLY, U.S. District Judge:**

**I.     INTRODUCTION**

Plaintiff Judeau S. Brown, Jr. ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.¹ (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**II.    BACKGROUND**

For purposes of this review and screening, the Court accepts as true the allegations in Plaintiff's Complaint. According to Plaintiff, on January 20, 2020 he was strip searched by two male officers, Officer Farmer ("Farmer") and Officer Cardella ("Cardella"). (D.I. 3 at 5) Neither are named Defendants. During the search, Defendant Officer Anyanaso ("Anyanaso"), a female, walked away. (*Id.* at 3, 5) After the search, Farmer realized that he neglected to have Plaintiff "squat and cough" and remove the laces from his sneakers. (*Id.* at 5). Farmer and Cardella opened the door to Plaintiff's cell and Anyanaso approached the cell door. (*Id.* at 5-6) Farmer ordered Plaintiff to relinquish his sneakers and to "squat and cough," and Plaintiff complied with the orders. (*Id.* at 6) Plaintiff alleges that Anyanaso stood and watched him. (*Id.*) Plaintiff submitted a PREA and grievance complaint, but JTVCC officials did nothing. (*Id.*)

---

¹ When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

On an unspecific date Plaintiff was transferred to "the hole" for three days. (*Id.*) He alleges that he is handicapped and "the hole" does not have a bed, chairs, or a table, and is not handicap accessible. (*Id.*) He was forced to sleep on the floor and vermin crawled over him. (*Id.*) Due to his injuries and because he was so low to the ground, at times he was unable to retrieve meals that were placed on the cell flap. (*Id.* at 7) He was also unable to shower. (*Id.*) He also alleges that unnamed officers took his legal work while was in the middle of the appeal process. (*Id.*)

Plaintiff seeks compensatory damages or dismissal of his criminal charges and immediate release from prison. (*Id.*)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). See also 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v.*

4

*Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Named as a defendant is the DOC/JTVCC (*i.e.*, Delaware Department of Correction/James T. Vaughn Correctional Center. JTVCC is part of the Delaware Department of Correction. *See* 11 Del. C. § 6501 *et seq.* Both the DOC and JTVCC

are immune from suit. *See Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Jones*, 725 F. App'x at 159-160); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because neither the DOC nor the JTVCC are persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, DOC/JTVCC will be dismissed based upon their Eleventh Amendment immunity.

### B.     Strip Search

It seems Plaintiff has sued Anyanaso because she was present and/or watched while Officer Farmer strip searched Plaintiff. An inmate's challenge to a strip search is a cognizable § 1983 claim under the Fourth and Eighth Amendments. *See Williamson v. Garman*, 2017 WL 2702539, at *4 (M.D. Pa. June 22, 2017) (citing *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979)).

There are no allegations that Anyanaso touched Plaintiff, said anything to Plaintiff, or conducted any part of the search. Anyanaso's mere presence during the

6

search does not suffice to state a claim because there is no violation of male inmate's constitutional rights by conducting the strip search in front of other inmates and in the presence of female officers. *See Marrow v. Pennsylvania*, 2018 WL 4963982, at *5 (M.D. Pa. Oct. 15, 2018) (concluding that a strip search conducted in the presence of female officers did not violate the inmate-plaintiff's constitutional rights); *Illes v. Beard*, 2013 WL 2285565, at *5 (M.D. Pa. May 23, 2013) (citing cases and concluding that strip searches may be conducted in the presence of staff and other inmates).

Nor do Plaintiff's allegations implicate the Fourth or Eighth Amendments. *See Marrow*, 2018 WL 4963982, at *4 (citing *Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992)) (Fourth Amendment applies when inmate alleges the strip search was unreasonable); *Jordan v. Cicchi*, 428 F. App'x 195, 199-200 (3d Cir. 2011) (Eighth Amendment applies when inmate alleges that the strip search was conducted in a physically abusive manner). Finally, there is no constitutional violation to the extent the allegations could be construed as alleging the strip search was embarrassing. *See Millhouse v. Arbasak*, 373 F. App'x 135, 137 (3d Cir. 2010) (strip searches, "even if embarrassing and humiliating, do not violate the [C]onstitution").

The strip search challenged by Plaintiff does not rise to the level of a constitutional claim. It will be dismissed as legally frivolous.

**C.     Other Claims**

The Complaint contains allegations that could be construed as raising a conditions of confinement claim and access to the courts claim. The allegations, however, are not directed towards any named defendant.

Claims raised pursuant to 42 U.S.C. § 1983 requires a showing that each defendant was personally involved in the alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* And a defendant's knowledge of a risk to health and safety "can be proved indirectly by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Beers-Capitol*, 256 F.3d 120, 133 (3d Cir. 2001); *see Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020).

To the extent Plaintiff intended to raise a conditions of confinement or access to the courts claim, the claims fail. The allegations are not directed towards any Defendant and, thus, are facially insufficient. Therefore, they will be dismissed for failure to state claims upon which relief may be granted. Because Plaintiff may be able to may be able to articulate a claim against alternative defendants, he will be given an opportunity to amend these claims.

## V.   CONCLUSION

For the above reasons, the Court will:  (1) dismiss the Complaint as legally frivolous for failure to state claims upon which relief may be granted, and based upon DOC/JTVCC immunity pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and 1915A(b)(1) and (2); (2) dismiss both Defendants and all claims against them; and (3) give Plaintiff leave to amend the conditions of confinement claim and the access to the courts claim. The Court will dismiss all remaining claims with prejudice.

An appropriate order will be entered.